Statement of Facts.

## INCORPORATION OF SHARON HILL BOROUGH.

APPEALS BY DARBY BOROUGH ET AL. FROM THE COURT OF
QUARTER SESSIONS OF DELAWARE COUNTY.

Argued February 9, 1891—Decided February 23, 1891.

Where a new borough is incorporated, under the act of May 29, 1889, P.
L. 393, out of a part of an old borough having a funded debt, an ade-
quate method of adjusting the rights and liabilities of the old borough
and its creditors, is provided by § 1, act of June 1, 1887, P. L. 285.
An appeal from the decree of incorporation is given by the act of May
9, 1889, P. L. 174.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

Nos. 158, 159 July Term 1890, Sup. Ct.; court below, num-
ber and term not given.

On September 16, 1889, Thomas H. Garvin and thirty-nine
others presented their petition praying the court, upon the
averments therein made, to set off and divide the village of
Sharon Hill from the borough of Darby, and to incorporate
the said village into a new borough under the name of Sharon
Hill.

On December 5, 1889, the court directed the petition to be
submitted to the grand jury. The same day, the grand jury
made a return finding that the conditions of the act of assem-
bly had been complied with, and recommending that the prayer
of the petition be granted. To this return, the borough of
Darby filed exceptions, alleging as grounds thereof:

1. There is no legal authority for such incorporation.

2. A large part of the territory, proposed to be incorporated,
is not a village or villages, but farm lands; and the act of as-
sembly of May 29, 1889, under which the proceedings are being
had applies only to the incorporation of villages.

3. There is no proper and legal remedy for the adjustment
of the rights of the borough of Darby, its citizens and creditors.

After argument, the court, CLAYTON, P. J., on June 2, 1890,
filed the following opinion:

Opinion of Court below.

The proceedings for the incorporation of the borough of Sharon Hill are founded upon the act of May 29, 1889, P. L. 393.

As the facts alleged in the petition clearly bring the case within the provisions of the act of assembly cited, the first exception, to wit, that there is no legal authority for such incorporation, is dismissed.

The second exception alleges a matter of fact which is found by the court against the allegations of the exception. This exception, therefore, is also dismissed.

The third exception is purely one of law. It avers that there is no legal remedy for the adjustment of the rights of the borough of Darby, its citizens and creditors.

The creditors are not parties to this proceeding. Their rights are not to be adjudicated or in any way affected without their consent. If they come in and ask to be made parties and submit themselves to the jurisdiction of the court, we may, perhaps, make a decree that will be binding upon them, but not otherwise. Clearly the debt of the borough of Darby is due by the people of the territory embraced within the borough lines as they existed before the borough of Sharon Hill was carved out of it. The creditors had and still have the right to look to all the property of the borough, and no act of assembly can divest this vested right: Plunkett's Creek Tp. v. Crawford, 27 Pa. 107.

The court may, however, adjust the liability for the debt as between debtors, and may decree contribution for the payment of the common debts. All that the borough of Darby can claim is indemnity against the possibility of being compelled to pay the whole of a common debt. The detached territory must be compelled to pay or secure its share of the whole debt of the old borough, as well the floating as the bonded indebtedness. The act of June 1, 1887, P. L. 285, makes ample provision for the adjustment of this question. The words " all indebtedness " are comprehensive enough to cover a bond not yet due.

The charter is therefore granted, and all matters contained in the exceptions, not now disposed of, are submitted to the auditor hereafter appointed, who is hereby authorized to settle and adjust all questions properly before him, and to report to the court.

Opinion of the Court.

—A final decree having been entered, as prayed for in the petition, the same day the court appointed an auditor to adjust the indebtedness as between the new borough and the old. Thereupon, the borough of Darby and certain residents and citizens of said borough took these appeals, specifying in each case that the court erred:

3. In making a decree incorporating the borough of Sharon Hill from the territory of the borough of Darby, a borough owing a bonded debt of $27,000, payable in the future.

4. " There is no adequate method of adjustment of the rights and liabilities of the said borough of Darby and its creditors."

*Mr. Isaac Johnson,* for the appellants.

Counsel cited: (1) Act of April 1, 1834, P. L. 163; act of April 3, 1851, P. L. 325; act of June 2, 1871, P. L. 283; act of June 12, 1878, P. L. 184; act of June 11, 1879, P. L. 150; act of May 17, 1883, P. L. 36; act of June 1, 1887, P. L. 285; act of May 29, 1889, P. L. 393. (2) Pottstown Bor., 117 Pa. 538; Darby v. Sharon Hill, 112 Pa. 66; Little Meadows Bor., 35 Pa. 335.

*Mr. E. H. Hall* (with him *Mr. Edward P. Bliss*), for the appellee.

Counsel cited: Philadelphia v. Fox, 64 Pa. 169; Darby v. Sharon Hill, 112 Pa. 66; Plunkett's Creek Tp. v. Crawford, 27 Pa. 109.

PER CURIAM:

These appeals are from the same decree. The questions involved and the assignments of error are alike in each case. We have nothing before us but the record, and that fails to disclose error. The appeal is given by the act of May 9, 1889, P. L. 174. The proceeding itself is fully justified by the act of May 29, 1889, P. L. 393. The objection that the old borough of Darby, out of which the new borough of Sharon Hill is carved, in whole or in part, has a funded debt of $27,000, and that there is no adequate method of adjustment of the rights and liabilities of the said borough of Darby and its creditors, is not sustained. This matter is provided for by the first section of the act of June 1, 1887, P. L. 285, and the court

Statement of Facts.

below has appointed an auditor in conformity to the provisions
of the act.

> The decree is affirmed upon each appeal, and
> the appeal dismissed at the costs of the ap-
> pellants.